# FOR PUBLICATION

FILED & ENTERED

APR 22 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle          DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re:<br><br>Dennis Edward Lake<br><br>Debtor(s). | CHAPTER 7<br><br>Case No.:  8:17-bk-14478-MW<br>Adv No:   8:18-ap-01035-MW |
| Federal Trade Commission<br><br>Plaintiff(s),<br><br>    v.<br><br>Dennis Edward Lake<br><br>Defendant(s). | **MEMORANDUM DECISION AND ORDER RE: MOTION OF PLAINTIFF FEDERAL TRADE COMMISSION FOR SUMMARY JUDGMENT**<br><br>[Relates to Docket No. 44]<br><br>Date:        March 17, 2021<br>Time:        9:00 AM<br>Courtroom:  6C |

Michael P. Mora and Stacy R. Procter for Plaintiff Federal Trade Commission

Dennis Edward Lake, *pro se,* Defendant

WALLACE, J.

## INTRODUCTION

This case follows a pattern that has recurred through the years.  An individual engages in deceptive conduct in the marketplace that violates provisions of the Federal Trade Commission Act, 15 U.S.C. §§ 41 *et seq.*  The Federal Trade Commission ("FTC") brings an action against the individual in United States District Court seeking monetary and perhaps injunctive relief, 15 U.S.C. §§ 53(b), 57b, and prevails in that action, obtaining monetary relief in the form of a money judgment against the individual. The individual then files a bankruptcy petition and attempts to get the FTC's money judgment discharged in bankruptcy.  The FTC responds by commencing an adversary proceeding in the bankruptcy case seeking a bankruptcy court determination that the FTC's money judgment is excepted from discharge on the ground that the individual committed actual fraud.  11 U.S.C. § 523(a)(2)(A).  During the adversary proceeding, the FTC files a motion for summary judgment asking the bankruptcy court to determine that all the elements of fraud under Bankruptcy Code section 523(a)(2)(A) were actually litigated and necessarily decided in the FTC's favor in the District Court action, thereby entitling the FTC to summary judgment based upon the issue preclusion doctrine (also sometimes known as collateral estoppel).  *FTC v. Gugliuzza (In re Gugliuzza)*, 527 B.R. 370 (C.D. Cal. 2015); *Porcelli v. Porcelli*, 325 B.R. 868 (M.D. Fla. 2005); *FTC v. Harrell (In re Harrell)*, No. CIV.A. 98-06980, 1999 WL 33486091 (Bankr. D.S.C., April 22, 1999); *FTC v. Lederman (In re Lederman),* No. SV 94-22688 AG, 1995 WL 792072 (Bankr. C.D. Cal., June 26, 1995); *FTC v. Austin (In re Austin)*, 138 B.R. 898 (Bankr. N.D. Ill. 1992).

As in the cases cited above, the FTC has filed a motion for summary judgment (the "Motion") based upon alleged issue preclusion resulting from an earlier United States District Court action.  The FTC moves for summary judgment against debtor-defendant Dennis Lake ("Mr. Lake") and contends that it is entitled to summary

1    judgment based upon the allegedly issue-preclusive effects of determinations made by

2    the United States District Court in *Federal Trade Commission v. Lake*, 181 F. Supp. 3d

3    692 (C.D. Cal. 2016) (the "District Court Civil Action").  Moreover, the FTC has an

4    additional arrow in its issue preclusion quiver – the determinations made by the United

5    States District Court for the Central District of California (based upon a plea agreement)

6    in a <u>criminal action</u> brought by the United States Department of Justice against Mr.

7    Lake.  *United States v. Dennis Edward Lake*, No. SA CR 17-185-AG (C.D. Cal.).

8        Mr. Lake opposes the Motion.

9

10                   **FACTUAL BACKGROUND**

11        Factual background is provided by facts found by the United States District Court

12    for the Central District of California in the District Court Civil Action.

13        Mr. Lake obtained clients by contracting with other businesses whose customers

14    were distressed homeowners and who referred those homeowners to Mr. Lake for

15    advocacy services.  Mr. Lake's role and task was to work with banks on the so-called

16    "back end" to help homeowner-consumers to obtain loan modifications.  Federal

17    regulations generally prohibit third parties from obtaining an advance fee in exchange

18    for providing services aimed at inducing a lender to modify a home mortgage loan.

19    (The term "home mortgage loan" is used here generically; most of the loans Mr. Lake

20    likely worked on were secured by trust deeds, not mortgages).  Despite knowing that

21    advance fees were illegal and that the persons referring him business were taking them,

22    Mr. Lake believed he was shielded from liability because he was doing only so-called

23    "back end work" (meaning that he himself was not marketing to consumers directly or

24    asking them for advance fees himself).

25        The FTC successfully sued Mr. Lake in United States District Court for violating

26    applicable Federal regulations, namely, the MARS Substantial Assistance Rule and the

27    TSR Substantial Assistance Rule.  In the District Court Civil Action, the United States

28    District Court initially awarded monetary relief to the FTC in the amount of

1  $2,104,031.56.  This amount was shown by declaration to be the amount of money

2  collected from consumers in transactions violating Federal regulations.  Additionally, a

3  permanent injunction was entered against Mr. Lake enjoining him from future activities

4  in violation of Federal regulations.  The amount of the money judgment was

5  subsequently amended to $2,349,885.00.  The grounds for granting this relief to the

6  FTC were that Mr. Lake had violated the MARS Substantial Assistance Rule and the

7  TSR Substantial Assistance Rule.

8

9                          **THE CURRENT BANKRUPTCY PROCEEDING**

10        Seeking a discharge of his liability to the FTC under the District Court Civil Action

11  judgment and of his other debts, Mr. Lake filed a voluntary chapter 7 petition on

12  November 13, 2017.  On February 9, 2018, the FTC timely filed a complaint against Mr.

13  Lake alleging that his indebtedness to the FTC arising under the District Court judgment

14  is excepted from discharge under 11 U.S.C. § 523(a)(2)(A) as indebtedness obtained by

15  false pretenses, a false representation or actual fraud.  Mr. Lake answered the

16  complaint on March 12, 2018, disputing the FTC's allegations material to its cause of

17  action against him.

18

19                          **CRIMINAL PROCEEDINGS AGAINST MR. LAKE**

20        After Mr. Lake filed his bankruptcy petition, he was indicted by a federal grand

21  jury for mail fraud, conspiracy to commit mail fraud and aiding and abetting with respect

22  to the mortgage modification activities described above (the "District Court Criminal

23  Action").  He entered a plea of guilty to Conspiracy to Commit Mail Fraud in violation of

24  18 U.S.C. § 1349 (conspiracy to commit mail fraud in violation of 18 U.S.C. § 1341) as

25  charged in Count 1 of the indictment and was sentenced on or about January 28, 2020

26  to a term of three years' probation, six months' of home detention, payment of the costs

27  of home detention (not to exceed $12 per day), 500 hours of community service and

28  payment of a special $100 assessment.  Restitution was not ordered because it was

1  determined that "complex issues of fact related to the cause and amount of the victims'

2  losses" and would "complicate or delay the sentencing process to a degree that the

3  need to provide restitution to any victim is outweighed by the burden on the sentencing

4  process."  The Honorable Andrew Guilford, the United States District Judge imposing

5  sentence, waived all fines based upon a finding that "the defendant has established that

6  he is unable to pay and is not likely to become able to pay any fine."

7       The Court notes in this connection that Mr. Lake has presented evidence to this

8  Court that he has been diagnosed with stage four mantle cell lymphoma cancer,

9  underwent six rounds of high dose chemotherapy between March 2019 and August

10  2019, received a bone-marrow transplant and was hospitalized for 18 days after he

11  went into septic shock.  His physician advised him that the type of cancer he has is

12  generally incurable.  The District Court (criminal) judgment does not indicate why Judge

13  Guilford found Mr. Lake was unable to pay any fine and not likely to become able to pay

14  any fine, but it seems at least possible that the foregoing medical issues played a role in

15  this matter.

16       For his part, Mr. Lake contends that his illness played a major role in his decision

17  to accept a plea agreement:

18            "My attorney and I both felt that we could prevail in a criminal trial.

19            I was under – I was dying from cancer at the time that that plea agreement

20            was offered, and it was a very, very significant plea agreement . . . And we

21            felt that because of my health issues, it was better just to take the plea

22            agreement and not keep trying to deal with it.  And just for the record, I am

23            in remission right now."

24  Reporter's Transcript, March 17, 2021 Hearing on Motion ("R.T.") at 23.

25

26                    **THE FTC'S CONTENTIONS IN THE MOTION**

27       The FTC argues in the Motion that the doctrine of issue preclusion entitles it to

28  summary judgment in this adversary proceeding.  The FTC correctly states in the

1  Motion that in order for a creditor to prevail on a claim under 11 U.S.C. § 523(a)(2)(A)

2  for fraud, five elements must be established by a preponderance of the evidence:

3  (1) misrepresentation, fraudulent or deceptive conduct by the debtor; (2) knowledge

4  by the debtor of the falsity of the statement or conduct; (3) an intent to deceive;

5  (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) loss

6  to the creditor proximately caused by his, her or its reliance on the debtor's statement or

7  conduct.  Motion at 14 of 24, lines 13-20.  *Turtle Rock Meadows Homeowners Assn. v.*

8  *Slyman (In re Slyman),* 234 F.3d 1081, 1085 (9th Cir. 2000).  The FTC asserts that

9  these five elements have been already proven up in the District Court Civil Action and

10  the District Court Criminal Action against Mr. Lake and now cannot be re-litigated by

11  Mr. Lake because of the application of the doctrine of issue preclusion.

12      The FTC also correctly states the requirements of issue preclusion:  (1) the party

13  against whom issue preclusion is asserted was a party in the first proceeding; (2) the

14  first proceeding ended with a final judgment on the merits; (3) the issue in question was

15  necessarily decided in the first proceeding; and (4) the issue in the first proceeding is

16  identical to the issue in the second proceeding (i.e., the one in which issue preclusion is

17  being asserted) or, at the very least, there is "significant overlap between the evidence

18  and application of the same rule of law."  Motion at 12-13 of 24; *Frankfort Digital*

19  *Services, Ltd. v. Kistler (In re Reynoso),* 477 F.3d 1117, 1122 (9th Cir. 2007); *Kamilche*

20  *Co. v. United States*, 53 F.3d 1059, 1062 (9th Cir. 1995).

21      Importantly, "[a]ny reasonable doubt as to what was decided by a prior judgment

22  should be resolved against allowing the [issue preclusive] effect."  *Kelly v. Okoye (In re*

23  *Kelly),* 182 B.R. 255, 258 (B.A.P. 9th Cir. 1995), *aff'd,* 100 F.3d 110 (9th Cir. 1996).

24

25                  **SUMMARY JUDGMENT STANDARDS**

26      To prevail in this summary judgment motion, the FTC must show that there is no

27  genuine issue of material fact remaining to be litigated and that it is entitled to judgment

28  as a matter of law.  Fed. R. Civ. P. 56(a).  The court is required to view the evidence in

1  the light most favorable to the non-moving party and draw all justifiable inferences in the

2  non-moving party's favor.  *Bell v. Cameron Meadows Land Co.*, 669 F.2d 1278, 1284

3  (9th Cir. 1982).  The moving party, here, the FTC, has the burden of establishing the

4  absence of a genuine issue of material fact.  *Celotex v. Catrett,* 477 U.S. 317, 323

5  (1987).

6

7  ## ANALYSIS

8          1.     <u>Issue Preclusion Based Upon the District Court Civil Action</u>.

9       The FTC proved up violations of the MARS Substantial Assistance Rule and the

10  TSR Substantial Assistance Rule in the District Court Civil Action.  The Court now

11  examines and identifies the factual and legal issues necessarily decided by the District

12  Court in reaching the conclusion that Mr. Lake violated each of those rules.

13       The FTC also relies upon the standards for gaining monetary and injunctive relief

14  in the District Court Civil Action in making its argument that issue preclusion forecloses

15  Mr. Lake from re-litigating issues central to a determination of actual fraud in this Court

16  including, among other issues, justifiable reliance.  R.T. at 3, lines 2-12.

17

18          A.  <u>Violation of the MARS Substantial Assistance Rule</u>.

19       Three elements must be proven up in order to show a violation of the MARS

20  Substantial Assistance Rule:  (1) an underlying violation of the MARS Rule by a

21  MARS provider; (2) substantial assistance or support by a person to that provider;

22  and (3) knowledge or conscious avoidance, on the part of the person, of the underlying

23  violation.  Proof of the first element, in turn, requires proof that (a) a service provider

24  received an advance fee, (b) such person made material misrepresentations to their

25  clients in violation of 12 C.F.R. § 1015.3, and (c) such person failed to make mandatory

26  disclosures under 12 C.F.R. § 1015.4.  *Federal Trade Commission v. Lake*, 181 F.

27  Supp. 3d 692, 698-700 (C.D. Cal. 2016).

28  //

What is glaringly absent here in terms of application of the issue preclusion doctrine is any requirement in the MARS Rule of a showing that the consumers to whom representations were made <u>justifiably relied</u> upon such representations.  At oral argument, the FTC relied upon the case of *Apte v. Japra (In re Apte)*, 96 F.3d 1319 (9th Cir. 1996).  In *Apte,* the United States Court of Appeals for the Ninth Circuit made the important points that (1) fraudulent <u>nondisclosure</u> can be the basis for an action for exception to discharge under 11 U.S.C. § 523(a)(2)(A), and (2) materiality of the nondisclosure rather than reliance is the decisive element regarding causation.  *Apte v. Japra (In re Apte)*, 96 F.3d 1319, 1323 (9th Cir. 1996).  The FTC argues that in the District Court Civil Action there was an express finding that there occurred a failure to make disclosures that were mandatory under the MARS Rule.  This is correct – such a finding was in fact made.  *Federal Trade Commission v. Lake*, 181 F. Supp. 3d 692, 699 (C.D. Cal. 2016) ("The record demonstrates that the HOPE Defendants failed to make mandatory disclosures, both over the phone and by mail").

However, what is not indicated in the District Court Civil Action is the specific nature or identity of the nondisclosures (except in one specific instance discussed below).  The MARS Rule sets forth an entire host of required disclosures and supplies minute details as to precisely how such disclosures are to be made.  For example, § 1015.4(a)(3)(i) requires that the disclosures must "be preceded by the heading 'IMPORTANT NOTICE,' which must be in bold face font that is two point-type larger than the font size of the required disclosures."  If the reason for the finding that there was a failure to make mandatory disclosures was that the font size was incorrect or the words "IMPORTANT NOTICE" was in italics rather than bold-face font, that would be a failure to satisfy the MARS Rule of mandatory disclosures but it would not necessarily be a <u>material</u> nondisclosure for purposes of the rule enunciated in *Apte*.  To know that the failure to satisfy the MARS Rule mandatory disclosure requirement was material, this Court would have to know from the decision in the District Court Civil Action the nature of the nondisclosure, and that nature is not indicated in the decision.  The Court

concludes that *Apte* does not win the day for the FTC because there is no sufficient showing that the nondisclosures in question – whatever they were – are or were material.

The FTC also argues that material omissions occurred because Mr. Lake concealed from his clients the fact that clients' advance fees were not being held in trust but instead were being wrongfully appropriated by the HOPE Defendants.  In the District Court Civil Action, the District Court found that "[t]he record also demonstrates that Lake substantially assisted the HOPE Defendants by concealing the fact that the clients' advance funds were *not* being held in trust for the clients' banks, as the HOPE Defendants had represented.  [citation omitted; italics in the original].  There is therefore no question that Lake's conduct constitutes "substantial assistance" under § 1015.6." . . . *Federal Trade Commission v. Lake*, 181 F. Supp. 3d 692, 700. (C.D. Cal. 2016).

Thus, the District Court determined that Mr. Lake had concealed certain facts from his clients and that this concealment constituted "substantial assistance or support" under § 1015.6.  The District Court also noted that "[t]he threshold for what constitutes substantial assistance is low."  *Id.* at 699.  The District Court further noted that "help need not be related to the commission or further of the offending practice in order to constitute substantial assistance."  *Id.*

The issue preclusion doctrine requires a showing that either the issues in the two different actions are identical or, at the very least, there is significant overlap between the evidence and the application of the same rule of law.  Here, there are two different rules of law in play.  In the District Court Civil Action, the rule in play was the MARS Substantial Assistance Rule.  In this adversary proceeding, the rule, stated in *Apte*, is that a failure to disclose a material fact, where there is a duty to disclose, can take the place of the justifiable reliance element of a valid cause of action for fraud.  The FTC has failed to make a sufficient showing in the case now before the Court that "substantial assistance" and "material omission" (where there is a duty to disclose) are one and the same thing.  There is no particular reason to believe that they indeed are

1  the same, especially when the threshold for providing "substantial assistance" is low

2  and when "substantial assistance" can be found even though the help provided is not

3  related to the offending practice and does not further it.  This Court can envision

4  nondisclosures that, while satisfying the low threshold for "substantial assistance,"

5  nevertheless do not rise to the level of a material omission for purposes of determining

6  fraud.

7      The touchstone for the application of issue preclusion is that an issue or fact

8  matter be <u>necessarily decided</u>.  What the District Court necessarily decided in the

9  District Court Civil Action was whether the low bar for "substantial assistance" was met.

10  Findings regarding the materiality of omissions and the duty to disclose were not

11  necessary – nor does it appear they were made.  At this point, what comes into play is

12  the rule of law stated above – that any reasonable doubt as to what was decided by a

13  prior judgment should be resolved against allowing the issue preclusive effect.  *Kelly v.*

14  *Okoye (In re Kelly),* 182 B.R. 255, 258 (B.A.P. 9th Cir. 1995), *aff'd,* 100 F.3d 110 (9th

15  Cir. 1996).

16      Viewing the evidence and inferences therefrom in the light most favorable to Mr.

17  Lake, as this Court must in the context of a motion for summary judgment, the Court

18  concludes that the District Court's necessary determination of "substantial assistance"

19  in the District Court Civil Action is not identical to the issue of concealment of material

20  facts in this case.  Different standards and rules of law apply, and this is fatal to the

21  FTC's argument based upon *Apte.*  Additionally, assuming *arguendo* the District Court

22  made findings relative to duty to disclose and materiality of omissions (a doubtful

23  proposition, to be sure), such findings were not necessary to the District Court's

24  determination that the low bar of the "substantial assistance" had been met.

25      For these reasons, the FTC's issue preclusion argument fails to the extent it

26  relies upon the District Court's finding of a MARS Rule violation.

27  //

28  //

1

        B.  Violation of the TSR Substantial Assistance Rule.

2        The TSR Substantial Assistance Rule prohibits a person from providing

3  substantial assistance or support to any seller or telemarketer when that person knows

4  or consciously avoids knowing that the seller or telemarketer is engaged in any act or

5  practice that violates subsections (a), (c) or (d) of 16 C.F.R. § 310.3.  16 C.F.R. §

6  310.3(b).  The substantial assistance provision has three elements:  (1) there must be

7  an underlying violation of the TSR; (2) the person must provide substantial assistance

8  or support to the seller or telemarketer violating the TSR; and (3) the person must know

9  or consciously avoid knowing that the seller or telemarketer is violating the TSR.  The

10 District Court in the District Court Civil Action found violation of the TSR by reason of

11 false representations made by the HOPE defendants to consumers.  The District Court

12 also found that Mr. Lake substantially assisted the HOPE defendants and that Mr. Lake

13 knew that fraud was in the HOPE defendants' business model.  *Federal Trade*

14 *Commission v. Lake*, 181 F. Supp. 3d 692, 700-701 (C.D. Cal. 2016).

15        As is the case with respect to the MARS Rule, the FTC did not prove in the

16 District Court Civil Action that the consumers justifiably relied upon the HOPE

17 defendants' misrepresentations.  Similarly, violation of the TSR Substantial Assistance

18 Rule and commission of fraud under 11 U.S.C. § 523(a)(2)(A) are not identical rules of

19 law, and the justifiable reliance element of fraud was not necessarily determined by the

20 District Court when the District Court made its determination that the TSR Substantial

21 Assistance Rule was violated by Mr. Lake.  For these reasons, the FTC's argument of

22 issue preclusion based upon the District Court's findings relating to the TSR Substantial

23 Assistance Rule fails.

24

25        C.  Application of the Rule in *FTC v. Gugliuzza (In re Gugliuzza),*

26                527 B.R. 370 (C.D. Cal. 2015)

27        The facts in *Gugliuzza* bear a similarity to the facts here.  The FTC sued

28 Gugliuzza in United States District Court for deceptive and unfair practices in violation of

1  Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a).  The FTC

2  prevailed in that action after a 16-day bench trial and was awarded $18.2 million in

3  restitution for consumer redress.  Gugliuzza filed a bankruptcy petition under Chapter 7

4  in an effort to escape monetary liability to the FTC.  The bankruptcy court determined

5  that Gugliuzza was collaterally estopped from litigating the issue of nondischargeabiity

6  by determinations made in the District Court action because the issues relevant to

7  11 U.S.C. § 523(a)(2)(A) had been actually litigated and necessarily decided in the

8  District Court action.

9  Gugliuzza then appealed the bankruptcy court's decision to the same United

10  States District Court that had heard and determined the FTC's deceptive and unfair

11  practices action against him.  The District Court, acting as an appellate court,

12  determined that the bankruptcy court had erred by applying collateral estoppel (also

13  known as issue preclusion).  The District Court determined that "this Court did not make

14  a finding of Gugliuzza's intent to deceive, as it was not critical or necessary to establish

15  a Section 5(a) violation."  *FTC v. Gugliuzza (In re Gugliuzza),* 527 B.R. 370, 376 (C.D.

16  Cal. 2015).  This alone was sufficient to prevent application of collateral estoppel.  The

17  District Court did find justifiable reliance, but that was because "the FTC established in

18  the underlying District Court action that Gugliuzza's widespread representations were of

19  a kind usually *relied* upon by reasonable and prudent people."  *Id.* at 377 (italics in the

20  original).

21  In this case, one can read the published decision of the District Court in the

22  District Court Civil Action backwards and forwards and will find no reference to District

23  Court findings of reliance by Mr. Lake's clients or the customers of his alleged co-

24  conspirators.  The absence of such findings clearly distinguishes *Gugliuzza* from this

25  case.

26  For these reasons, the FTC's issue preclusion argument fails to the extent it

27  relies upon the District Court's finding of a TSR Substantial Assistance Rule violation.

28  //

D. Standards for the Granting of Monetary Relief As a Basis for

Applying Issue Preclusion with Respect to Reliance.

The FTC's final argument concerning the justifiable reliance requirement is that "[b]ecause the District Court held Lake liable for monetary relief under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), it necessarily and implicitly found that the stricter standard under that statute was satisfied:  that consumers reasonably relied upon the material misrepresentations in the deceptive scheme Lake knowingly and substantially participated in.  *See FTC v. Figgie, Int'l, Inc.,* 994 F.2d 595, 605-06 (9th Cir. 1993) . . . Plaintiff's Brief in Support of Motion for Summary Judgment, Docket No. 44-1, filed July 15, 2020 (the "FTC Brief") at page 20 of 21, lines 6-12.

The FTC correctly points out that "reasonable reliance" is a higher standard than the "justifiable reliance" element of actual fraud under 11 U.S.C. § 523(a)(2)(A), and that any finding of reasonable reliance *a fortiori* would amount to a finding of justifiable reliance.  *Field v. Mans,* 516 U.S. 59, 74-75 (1995) (" . . . we hold that § 523(a)(2)(A) requires justifiable, but not reasonable, reliance").

Section 13 of the FTC Act, 11 U.S.C. § 53, empowers the FTC to seek an injunction against the dissemination of advertisements that violate 15 U.S.C. § 52's prohibition against disseminating false advertising.  Section 19 of the FTC Act, 15 U.S.C. § 57b, generally provides that if any person violates any rule respecting unfair or deceptive acts or practices, the FTC can bring an action in United States District Court to redress injury to consumers or other persons resulting from such rule violation.  Additionally, money damages can be awarded to the FTC as a permitted form of ancillary relief under Section 13 of the FTC Act, 11 U.S.C. § 53.  *FTC v. Bronson Partners, LLC,* 654 F.3d 359 (2d Cir. 2011).

The monetary and injunctive relief granted by the District Court in the District Court Civil Action was granted under Section 13 of the FTC Act.  There is no mention in the decision of the relief being granted under Section 19 of the FTC Act.

//

The FTC relies heavily on Ninth Circuit authority, namely, *FTC v. Figgie International,* 994 F.2d 595 (9th Cir. 1993). *Figgie,* however, is on its face distinguishable from the case at bar because *Figgie* was an action under Section 19 of the FTC Act, not Section 13 of the FTC Act.

In *Figgie,* the Ninth Circuit did offer dictum about the reliance requirement of FTC Act Section 13. Such dictum, however, is of no assistance to the FTC here because the Ninth Circuit specifically concluded that individual reliance on misrepresentations is not an element of an FTC cause of action for an injunction or for consumer redress (i.e., damages) under FTC Act Section 13: "It is well established with regard to Section 13 of the FTC Act (which gives district courts the power to order equitable relief) that proof of individual reliance by each purchasing consumer is not needed." *FTC v. Figgie International,* 994 F.2d 595, 605 (9th Cir. 1993). Therefore, the FTC did not need to show reliance and, consequently, reliance was neither actually litigated nor necessarily decided in the District Court Civil Action.

*Figgie* goes on to state that "[a] presumption of actual reliance arises once the [FTC] has proved that the defendant made material misrepresentations, that they were widely disseminated, and that consumers purchased the defendant's product." *FTC v. Figgie International,* 994 F.2d 595, 605-06 (9th Cir. 1993). The FTC makes no sufficient showing, however, that (1) "actual reliance" is the same thing as (or, alternatively, a more demanding standard than) "justifiable reliance," or (2) that a presumption – in other words, something that is assumed to be the case in the absence of any specific showing of that thing – of actual reliance for purposes of Section 13 of the FTC Act satisfies the justifiable reliance requirement of Bankruptcy Code Section 523(a)(2)(A). There is no particular reason to believe that the FTC Act is *in pari materia* with the Bankruptcy Code or that actual reliance for purposes of the FTC Act equates to justifiable reliance for bankruptcy purposes.

Indeed, there are strong reasons to suppose that "actual reliance" is a lesser and more diluted version of "justifiable reliance." "Actual reliance" looks solely to an

individual's mental state – is he or she of a <u>belief</u> that the representation is true? – and does not probe the objective (as opposed to subjective) merits of such belief (or mental state).  Simply stated, "justifiable reliance" involves an inquiry into both a person's state of mind as well as an objective assessment of the validity of beliefs that may have been formed,[1] whereas "actual reliance" involves solely an inquiry into a state of mind.  These two things are as different as apples and oranges, and it would be folly to treat them as the same thing.  Note in this connection that in the landmark case of *Field v. Mans*, 516 U.S. 59, 72-73 (1995), the Supreme Court referred to three types of reliance – reasonable reliance, mere reliance in fact and justifiable reliance – and decided that justifiable reliance is the proper standard under Bankruptcy Code Section 523(a)(2)(A), characterizing justifiable reliance as an intermediate level of reliance more demanding than mere or actual reliance but less demanding than reasonable reliance.  Consequently, unless one is prepared to discard Supreme Court authority, it is clear beyond peradventure that the "actual reliance" presumption inherent in FTC Act Section 13 falls short of the "justifiable reliance" required by the Supreme Court of the United States in *Field v. Mans.*

Finally, even assuming *arguendo* that "actual reliance" is the same thing as "justifiable reliance," the FTC has not made a sufficient showing that a <u>presumption</u> of <u>actual reliance</u> equates to <u>proof by a preponderance of the evidence of justifiable reliance</u>.  Phrased differently, can the required element of justifiable reliance under Bankruptcy Code Section 523(a)(2)(A) be proven up by a presumption of actual reliance arising under Section 13 of the FTC Act?  The FTC has failed to meet its burden with respect to this issue.

//

//

---

[1] The objective assessment that is required is a very low bar, but it is not a non-existent bar.  The Supreme Court suggests in *Field v. Mans* that if the falsehood of a representation can be known simply by relying upon one's senses, reliance on such a representation would not be "justifiable."  *Field v. Mans,* 516 U.S. at 71.

| | |
|---|---|
| 1 |        2.     <u>Issue Preclusion Based Upon the District Court Criminal Action</u>. |

2.    <u>Issue Preclusion Based Upon the District Court Criminal Action</u>.

The FTC, relying upon the criminal judgment against Mr. Lake in the District Court Criminal Action (which in turn was based upon Mr. Lake's plea of guilty to conspiracy to commit mail fraud), argues that issue preclusion standards are met and that Mr. Lake cannot now re-litigate the five elements of fraud under 11 U.S.C. § 523(a)(2)(A).  A decision cited by the FTC in support of this proposition, *Aetna Casualty and Surety Co. v. Markarian (In re Markarian)*, 228 B.R. 34 (B.A.P. 1st Cir. 1998), strongly indicates that (1) section 523(a)(2) may include debts which arise from the wrongful acts of conspirators and their co-conspirators, and (2) predicate acts of mail fraud supporting a finding and conviction of a RICO violation under 18 U.S.C. § 1962 can be given issue preclusive effect in a section 523(a)(2) action in bankruptcy court.

The Bankruptcy Appellate Panel of the Ninth Circuit has expressly refused to follow *Markarian*, deeming it to be inconsistent with Ninth Circuit case law (specifically, *Tsurukawa v. Nikon Precision, Inc. (In re Tsurukawa)*, 287 B.R. 515 (9th Cir. 2002). *See Reisman v. Ingredients International, LLC (In re Reisman)*, BAP No. NV-05-1471-MoSMa, 2006 WL 6811010 (B.A.P. 9th Cir., Aug. 18, 2006).  *Reisman* is an unpublished decision, but this Court finds its reasoning persuasive.

More to the point, however, it is black-letter law that reliance is not an element of the offense under the mail fraud statute, 18 U.S.C. § 1341.  *Bridge v. Phoenix Bond & Indemnity Co.,* 553 U.S. 639, 648 (2008) ("Using the mail to execute or attempt to execute a scheme to defraud is indictable as mail fraud . . . even if no one relied on any misrepresentation");  *United States v. Goldberg*, 455 F.2d 479, 480-81 (9th Cir. 1972) ("The essential elements of mail fraud under 18 U.S.C. § 1341 are (1) a scheme to defraud, and (2) a knowing use of the mail to execute the scheme. [citation omitted] . . . It is not necessary to show that reliance of the victim was induced by misrepresentation of the defendant . . . "); *Oppenheimer-Palmieri Fund v. Peat Marwick Main & Co. (In re Crazy Eddie Securities Litigation),* 812 F. Supp. 338, 350 (E.D.N.Y. 1993) ("Plaintiffs need not even allege they received, let alone relied upon fraudulent financial statements

1   in order properly to plead predicate acts of mail and wire fraud.  These statutes punish

2   even unexecuted schemes").  It follows that if reliance is not an element of mail fraud,

3   nor is it an element of a conspiracy to commit mail fraud.

4         The Court has also reviewed a redacted version of Mr. Lake's Plea Agreement

5   For Defendant Dennis Edward Lake (the "Plea Agreement") (attached by the FTC as an

6   exhibit to the Motion).   In the Plea Agreement, Mr. Lake agrees that he took certain

7   actions (such as accepting upfront $800 fees) and made certain statements to his

8   clients, such as telling them their loan modification request had not been accepted, and

9   that he was referring them back to HOPE Services or HAMP Services.  Mr. Lake also

10  provided "talking points" to distressed homeowners before they appeared in court and

11  were approaching foreclosure.  However, the Plea Agreement in no way indicates that

12  any of these statements was false or a misrepresentation or that any of Mr. Lake's

13  clients justifiably relied upon these statements or representations.

14        The Court has also reviewed the Judgment and Probation Commitment Order,

15  dated January 28, 2020, in the District Court Criminal Action and discerns no findings or

16  determinations therein that relate to justifiable reliance.

17        For these reasons, the Court determines that the FTC has failed to prove issue

18  preclusion with respect to the justifiable reliance element of fraud under 11 U.S.C.

19  § 523(a)(2)(A) based upon the District Court Criminal Action.

20

21                       **CONCLUSION**

22        The FTC's request for judicial notice is granted.

23        The FTC has failed to make a sufficient showing that issue preclusion arising as

24  a result of the District Court Civil Action or the District Court Criminal Action precludes

25  Mr. Lake from re-litigating the issue of justifiable reliance.  The Court does not reach or

26  determine issues as to proximate cause that have been raised by the parties because it

27  is unnecessary to do so in view of the Court's analysis of justifiable reliance.

28  Accordingly, the Motion is denied.

1    The FTC has requested the Court to rule on other aspects of fraud/issue

2  preclusion, such as misrepresentation, knowledge, intent to deceive, etc. and to grant

3  partial summary judgment on these points.  The Motion itself requested full summary

4  judgment, not partial summary judgment, either independently or as an alternative to full

5  summary judgment.  The Court declines to grant partial summary judgment at this time,

6  but the Court's order is without prejudice to the FTC to file a motion for partial summary

7  judgment based upon issue preclusion with respect to issues other than justifiable

8  reliance.

9    IT IS SO ORDERED.

10                                          ###

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25    Date: April 22, 2021                    Mark S. Wallace
                                             United States Bankruptcy Judge

26

27

28