# FOR PUBLICATION

FILED & ENTERED

FEB 22 2022

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY jle         DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SANTA ANA DIVISION

| | |
|---|---|
| In re:<br><br>Dennis Edward Lake<br><br>　　　　　　　　　　　Debtor(s). | CHAPTER 7<br><br>Case No.:  8:17-bk-14478-MW<br><br>Adv No:   8:18-ap-01035-MW |
| Federal Trade Commission<br><br>　　　　　　　　　　　Plaintiff(s),<br>　v.<br><br>Dennis Edward Lake<br><br>　　　　　　　　　　　Defendant(s). | **MEMORANDUM DECISION AND ORDER**<br><br>Date:         February 9, 2022<br>Time:        9:00 a.m.<br>Courtroom:  6C |

Michael P. Mora and Stacy R. Procter, for the Federal Trade Commission, Plaintiff

Dennis Edward Lake, self-represented, Defendant

　　　This matter comes before the Court on the motion (the "Motion") of debtor-defendant Dennis Edward Lake ("Mr. Lake") to dismiss the Amended Complaint for Dischargeability of Debt, Docket No. 9, filed March 30, 2018 (the "Amended Complaint")

by plaintiff Federal Trade Commission (the "FTC"). Mr. Lake, who is self-represented in this matter, does not specifically cite or refer to Federal Rule of Bankruptcy Procedure 7012(b), but his Motion is essentially based upon the argument that the FTC has failed to state a claim upon which relief can be granted. The FTC opposes the Motion and has filed its own cross-motion for partial summary judgment.

## FACTUAL BACKGROUND

A detailed discussion of this adversary proceeding's factual background can be found in this Court's decision in *Federal Trade Commission v. Lake (In re Lake)*, 628 B.R. 664 (Bankr. C.D. Cal. 2021) ("FTC v. Lake I"). The Court briefly summarizes the facts below.

Mr. Lake obtained clients by contracting with other businesses whose customers were distressed homeowners and who referred those homeowners to Mr. Lake for advocacy services. Mr. Lake's role and task was to work with banks on the so-called "back end" to help homeowners obtain loan modifications. The FTC, believing that Mr. Lake and the businesses with whom he was working were violating FTC regulations, brought suit against Mr. Lake (the "District Court Action") in the United States District Court for the Central District of California (the "District Court"). The FTC alleged in the District Court Action that Mr. Lake had violated the MARS Substantial Assistance Rule and the TSR Substantial Assistance Rule. The District Court agreed with the FTC and granted judgment in favor of the FTC and against Mr. Lake in the amount of $2,349,885.00 (after amendment) (the "FTC Judgment"). *Federal Trade Commission v. Lake,* 181 F. Supp. 3d 692 (C.D. Cal. 2016).

Mr. Lake filed a voluntary chapter 7 petition on November 13, 2017, seeking, among other things, a discharge of the FTC Judgment. The FTC commenced this adversary proceeding by filing a complaint against Mr. Lake on February 9, 2018, and then filing the Amended Complaint about seven weeks later. The gravamen of the Amended Complaint is to be found in numbered paragraphs 67 and 83 thereof, wherein the FTC alleges that the FTC Judgment "is a debt for money, property, or services

obtained by false pretenses, false representations or actual fraud, and is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A)."  Count One (culminating in paragraph 67) alleges that the FTC Judgment is based upon violations of MARS Assistance Rule and Count Two (culminating in paragraph 83) alleges that the FTC Judgment is based upon the TSR Substantial Assistance Rule.

## ANALYSIS

11 U.S.C. § 523(a)(2)(A) provides in relevant part that "[a] discharge under section 727 . . . of this title does not discharge an individual from any debt . . . for money, property, services . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud . . ."

11 U.S.C. § 101(12) defines the term "debt" as "liability on a claim."  11 U.S.C. § 101(5)(A) defines the term "claim" in relevant part as "[a] right to payment, whether or not such right is reduced to judgment . . ."

Here, there can be no doubt that the FTC has a "right to payment" in respect of the FTC Judgment and that Mr. Lake's obligation to pay the FTC Judgment is a "liability on a claim" and therefore a "debt" as defined in 11 U.S.C. §101(12) and § 523(a)(2)(A).  Is it the case, however, that the FTC Judgment is a debt "for" money, property, services . . . to the extent obtained by false pretenses, a false representation, or actual fraud?

The Amended Complaint does not allege that Mr. Lake obtained money <u>from the FTC</u> by false pretenses, a false representation or actual fraud.  Instead, the FTC alleges that Mr. Lake obtained money <u>from other people</u> by false pretenses, a false representation or actual fraud.  However, it is not these other people (whom Mr. Lake is alleged to have defrauded) who hold the FTC Judgment, it is the FTC itself who holds the FTC Judgment.

Under these circumstances, proper analysis of section 523(a)(2)(A) requires the Court to determine whether the FTC Judgment is a debt <u>for</u> money, property or services obtained by false pretenses, a false representation or actual fraud.

Probably the best interpretation of the meaning of the word "for" as it is used in

section 523(a)(2)(A) is "because of" or "on account of." *Sherman v. Securities Exchange Commission (In re Sherman),* 658 F.3d 1009, 1012-13 (9th Cir. 2011) ("for" in this context may mean "penalty on account of," "the consequence of," "by reason of," or "the effect of"); *Richardson v. Hidy Honda, Inc. (In re Richardson),* 221 B.R. 956, 960 (D. Wy. 1998) ("Debt for" means "debt as a result of" or "debt by reason of"). Each of these interpretations brings into play the concept of <u>causality</u>. In other words, did activities by Mr. Lake allegedly in the nature of false pretenses, a false representation or actual fraud <u>cause</u> the FTC Judgment?

   The following hypothetical is of some aid and assistance in analyzing this issue. Assume that A files a complaint against B in state court, alleging breach of contract and actual fraud. The parties agree to a settlement in which B denies any liability for either breach of contract or fraud, but agrees to pay A $50,000. One year later, B files a voluntary chapter 7 petition and seeks a discharge of his debt to A. A files an adversary complaint, alleging that B's debt is excepted from discharge because B obtained money from A through false pretenses, a false representation and actual fraud.

   In this situation, there was no judicial determination – or any other kind of determination – as to the <u>cause</u> of B's liability to A. Therefore, it would be proper to permit A to litigate the issue of "what caused the debt to arise?" in bankruptcy court and to attempt to prove that B's debt to A arose because B obtained money from A through false pretenses, a false representation or actual fraud. *Cf. Archer v. Warner,* 538 U.S. 314, 317 (2003) ("the settlement agreement does not resolve the issue of fraud").

   The FTC's position in this adversary proceeding is utterly unlike that of A in the preceding hypothetical. Here, there <u>is</u> a judicial determination of the cause of Mr. Lake's debt to the FTC: the FTC has a right to payment from Mr. Lake because the District Court determined in the District Court Action that Mr. Lake violated the FTC's MARS Substantial Assistance Rule and the TSR Substantial Assistance Rule. The FTC has endeavored in this adversary proceeding to use issue preclusion to show that Mr. Lake's activities as found by the District Court in the District Court Action prove up a case that

Case 8:18-ap-01035-MW    Doc 137    Filed 02/22/22    Entered 02/22/22 15:24:58    Desc
Main Document    Page 5 of 8

Mr. Lake obtained money by false pretenses, a false representation or actual fraud within the meaning of 11 U.S.C. § 523(a)(2)(A).  But even if the FTC is able to do this, it would not change the fact that the FTC Judgment is a debt "for" violating FTC regulations, not a debt "for" obtaining money by false pretenses, a false representation or actual fraud.  The FTC Judgment could be shown to be a debt "for" false pretenses, a false representation or actual fraud only through a kind of false historical revisionism in which the District Court is assumed to have decided something (that Mr. Lake obtained money by committing actual fraud, for example) that the District Court never in fact decided.

It is certainly not the case that the elements required to be proven up to show a violation of the FTC regulations here at issue (i.e., the MARS Substantial Assistance Rule and the TSR Substantial Assistance Rule) are the same elements required to be proven up to show that Mr. Lake obtained money by false pretenses, a false representation or actual fraud.  A person can violate the FTC regulations at issue here without obtaining money by false pretenses, a false representation or actual fraud.  It is equally true that a person can obtain money by false pretenses, a false representation or actual fraud without violating the FTC's regulations.

To prove up a violation of the MARS Substantial Assistance Rule, the FTC must show (1) an underlying violation of the MARS Rule by a MARS provider; (2) substantial assistance or support by a person to that provider; and (3) knowledge or conscious avoidance, on the part of the person, of the underlying violation.  Proof of the first element, in turn, requires proof that (a) a service provider received an advance fee, (b) such person made material misrepresentations to their clients in violation of 12 C.F.R. § 1015.3, and (c) such person failed to make mandatory disclosures under 12 C.F. R. § 1015.4.  *Federal Trade Commission v. Lake,* 181 F. Supp. 3d 692, 698-700 (C.D. Cal. 2016).

As this Court pointed out in FTC v. Lake I, "[w]hat is glaringly absent here . . . is any requirement in the MARS Rule of a showing that the consumers to whom representations were made <u>justifiably relied</u> upon such representations." *Federal Trade*

*Commission v. Lake (In re Lake)*, 628 B.R. 664, 670 (Bankr. C.D. Cal. 2021) (underscoring in the original).  The Supreme Court of the United States has held that justifiable reliance must be proven up to prove that debt is excepted from discharge under 11 U.S.C. § 523(a)(2)(A).  *Field v. Mans,* 516 U.S. 59 (1995).  Because justifiable reliance need not be shown to prove up a violation of the MARS Substantial Assistance Rule, it follows that not each and every violation of the MARS Assistance Rule constitutes an instance where money, property or services were obtained by false pretenses, a false representation or actual fraud.

The same analysis holds true with respect to the TSR Substantial Assistance Rule.  The TSR Substantial Assistance Rule prohibits a person from providing substantial assistance or support to any seller or telemarketer when that person knows or consciously avoids knowing that the seller or telemarketer is engaged in any act or practice that violates (a), (c) or (d) of 16 C.F.R. § 310.3.  16 C.F.R. 310.3(b).  The substantial assistance provision has three elements:  (1) there must be an underlying violation of the TSR; (2) the person must provide substantial assistance or support to the seller or telemarketer violating the TSR; and (3) the person must know or consciously avoid knowing that the seller or telemarketer is violating the TSR.  *Federal Trade Commission v. Lake,* 181 F. Supp. 3d 692, 700-01 (C.D. Cal. 2016).  Justifiable reliance by consumers on false representations made by a seller or telemarketer need not be proven to show a violation of the TSR Substantial Assistance Rule.  Thus, it follows that not each and every violation of the TSR Substantial Assistance Rule constitutes an instance where money, property or services were obtained by false pretenses, a false representation or actual fraud.

As stated earlier, "debt for" means <u>debt caused by</u>.  A cause is traditionally thought of as that which produces something – an effect.  In many, perhaps even most, instances, an effect is produced by a plethora of partial causes that may be termed "causal conditions."  These causal conditions fall into the category of *sine qua non*-- "without which, not."  For example, for a person who traveled to the World Trade Center

on September 11, 2001 and died in the attack, his or her travel that day was a causal condition and a *sine qua non*. If he or she have not gone to the World Trade Center on that day and had remained home, he or she would not have died in the attack.

A cause that produces an effect may be defined as a set of causal conditions each of which is <u>necessary</u> (a *sine qua non*, in other words) and which collectively or jointly are <u>sufficient</u> to produce the effect. *1-2 Encyclopedia of Philosophy,* "Causation", page 63.

Here, the effect is the FTC Judgment. If one of the necessary causal conditions for producing the FTC Judgment was a judicial determination by the District Court that Mr. Lake obtained $2,349,885.00 through false pretenses, a false representation or actual fraud, the FTC Judgment can properly be said to be a debt "for" money obtained by false pretenses, a false representation or actual fraud because it would be a "cause" of the FTC Judgment. However, as shown above, the District Court did not have to make that finding to be able to render the FTC Judgment and, in point of fact, did not make it.

The lack of correspondence between the requirements for proving up a violation of the MARS Substantial Assistance Rule and/or the TSR Substantial Assistance Rule on one hand and an exception to discharge for a debt described in 11 U.S.C. § 523(a)(2)(A) on the other hand means that the FTC cannot validly contend that the FTC Judgment is a debt "for" money obtained by false pretenses, a false representation or actual fraud.

As the United States Court of Appeals for the Ninth Circuit pointed out in *Sherman, supra,* the definition of the word "for" is capacious, and "for" can mean many things. If the FTC were able to prove up each and every element of false pretenses, false representation or actual fraud on Mr. Lake's part, would that be enough to make the FTC Judgment nondischargeable even though proof of those things was neither necessary nor sufficient in terms of obtaining the FTC Judgment against Mr. Lake? This question is best answered by reference to black-letter, hornbook law in connection with exceptions to discharge under section 523(a): <u>exceptions to discharge under section 523 are to be strictly construed in favor of the debtor</u>. *Kawaauhau v. Geiger,* 523 U.S. 57, 62 (1998); *Jett v. Sicroff (In re Sicroff)*, 401 F.3d 1101, 1104 (9th Cir. 2005); *Sachan v. Huh (In re*

*Huh)*, 506 B.R. 257 (B.A.P. 9th Cir. 2014). A broad interpretation of the word "for" would run afoul this most basic rule of section 523 jurisprudence. The rule dictates that "for" should be interpreted narrowly in terms of its meaning. A narrow interpretation in accordance with the rule would entail that courts would focus on causation. In this context, the word "for" should not be broadly interpreted to sweep in instances where the debt at issue has been proven up based upon the presence of elements other than those described in section 523(a) but where activities or events described in section 523(a) might be lurking in the background.

Strictly construing the meaning of the word "for" in Mr. Lake's favor, as this Court is required to do by *Kawaauhau* and *Jett*, the Court determines that Mr. Lake's debt to the FTC arising from the FTC Judgment is a debt "for" violating the MARS Substantial Assistance Rule and the TSR Substantial Assistance Rule and not a debt "for" "money, property or services . . . obtained by . . . false pretenses, a false representation or actual fraud" within the meaning of 11 U.S.C. § 523(a)(2)(A). Therefore, the FTC Judgment is <u>not</u> excepted from discharge.

The Amended Complaint fails to state a claim upon which relief can be granted for the reasons described above. The Motion is granted, and the Amended Complaint hereby is dismissed without leave to amend.

IT IS SO ORDERED.

###

Date: February 22, 2022

Mark S. Wallace
United States Bankruptcy Judge